MTP/DCG: USAO2014R00593



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH 14cr531 |
| | * | |
| QUINTIN ANTONIO BELL, | * | (Possession with Intent to Distribute |
| a/k/a "Quinton Antonio Bell," | * | Controlled Substances, 21 U.S.C. |
| a/k/a "Quinten Antonio Bell," | * | § 841(a)(1); Felon in Possession of a |
| a/k/a "Go-Go," | * | Firearm, 18 U.S.C. § 922(g)(1); |
| | * | Possession of a Firearm in Furtherance |
| Defendant | * | of a Drug Trafficking Crime, 18 U.S.C. |
| | * | § 924(c)(1)(A)(i); Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 21 U.S.C. |
| | * | § 853, 28 U.S.C. § 2461(c), and 18 |
| | * | U.S.C. § 924(d)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about April 10, 2014, in the District of Maryland, the defendant,

QUINTIN ANTONIO BELL,
a/k/a "Quinton Antonio Bell,"
a/k/a "Quinten Antonio Bell,"
a/k/a "Go-Go,"

knowingly and intentionally possessed with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about August 29, 2014, in the District of Maryland, the defendant,

**QUINTIN ANTONIO BELL,**
a/k/a "Quinton Antonio Bell,"
a/k/a "Quinten Antonio Bell,"
a/k/a "Go-Go,"

knowingly and intentionally possessed with intent to distribute (1) a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and (2) a quantity of a mixture and substance containing cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
(Felon in Possession of a Firearm)

The Grand Jury for the District of Maryland further charges that:

On or about April 10, 2014, in the District of Maryland, the defendant,

**QUINTIN ANTONIO BELL,**
a/k/a "Quinton Antonio Bell,"
a/k/a "Quinten Antonio Bell,"
a/k/a "Go-Go,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess, in and affecting commerce, a Ruger Mini-14, .223 caliber semi-automatic rifle, bearing serial number 184-17043.

18 U.S.C. § 922(g)(1)

## COUNT FOUR
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about April 10, 2014, in the District of Maryland, the defendant,

**QUINTIN ANTONIO BELL**,
a/k/a "Quinton Antonio Bell,"
a/k/a "Quinten Antonio Bell,"
a/k/a "Go-Go,"

did knowingly possess a firearm, that is, a Ruger Mini-14, .223 caliber semi-automatic rifle, bearing serial number 184-17043 as identified in Count Three of this Indictment, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §841(a)(1), as charged in Count One of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), in the event of the defendant's convictions under Counts One through Four of this Indictment.

### Narcotics Forfeiture

2. As a result of the offenses set forth in Counts One and Two, and incorporated here, the defendant shall forfeit:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes, but is not limited to, $12,006, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearm and Ammunition Forfeiture

4. As a result of the offenses set forth in Counts Three and Four, and incorporated here, the defendant shall forfeit to the United States the firearm identified in those counts and involved in those offenses.

## Substitute Assets

5. If any of the property described above, as a result of any act or omission of any defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853  
18 U.S.C. § 924(d)  
28 U.S.C. § 2461(c)

Rod J. Rosenstein  
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson